IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN ALTON,<br><br>    Plaintiff,<br><br>    v.<br><br>The CITY OF NAPERVILLE, and NAPERVILLE POLICE OFFICER, GRIF LIPPENCOTT, And NAPERVILLE POLICE OFFICERS FULKERSON, CRACKHOW, MUMENTHAL, VELASQUEZ AND THORP,<br><br>    Defendants. | No.<br><br>Judge<br>Magistrate |

JURY TRIAL DEMANDED

**COMPLAINT**

NOW COMES the Plaintiff, RYAN ALTON (hereinafter "PLAINTIFF" or "RYAN"), and for his cause of action against the Defendants, CITY OF NAPERVILLE (hereinafter "CITY"), and NAPERVILLE POLICE OFFICERS, GRIF LIPPENCOTT, FULKERSON, CRACKHOW, MUMENTHAL, VELASQUESZ, AND THORP (hereinafter collectively referred to as "OFFICERS"), and states as follows:

**NATURE OF CLAIM**

1. This is an action seeking redress for violations under 42 United States Code, Section 1983. Specifically, it is an action seeking redress for damages resulting from the defendant officers' unwarranted and excessive use of force during and in the execution of their official duties.

1

## JURISDICTION & VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983 and 42 U.S.C. §1988. Supplemental jurisdiction lies in this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C §1391(b)(2), as the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division, and Plaintiff and is a resident in the Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, RYAN ALTON is a resident of Chicago, IL, in Cook County.

5. Defendant OFFICERS are sworn law enforcement officers employed by the City of Naperville. They are being sued in their official and individual capacities. At all times relevant to the allegations contained herein, OFFICERS were acting under color of law.

6. Defendant CITY OF NAPERVILLE is located in DuPage County, Illinois, and for all times material to this complaint was the employer of Defendant OFFICERS, Lipencott, Fulkerson, Crackhow, Mumenthal, Velasquez, and Thorpe, and at all relevant times such individual defendants were acting within the scope of employment with CITY OF NAPERVILLE.

## FACTUAL BACKGROUND

7. On or around July 10, 2015, the Naperville Police Department received information regarding a possible theft in progress at a Car Max located at 3320 Odyssey court, in Naperville, IL.

8. Plaintiff was seen within blocks of the Car Max lot by Defendant Officers who were arriving at the scene.

2

9. PLAINTIFF's car got stuck in a grassy area near a fence.

10. When Plaintiff saw police cars approaching his car he fled on foot.

11. Defendant Officers and additional unknown officers pursued him.

12. DEFENDANT Officer Lippencott was working with a trained police dog.

13. Officer Lippencott had training and experience working with this particular dog, and the dog had been trained to respond to commands from Officer Lippencott.

14. DEFENDANT Officer Lippencott's vehicle became stuck in the marshy area adjacent to the interstate near Plaintiff's vehicle.

15. DEFENDANT Officer Lippencott abandoned his vehicle and pursued PLAINTIFF on foot, accompanied by his trained police dog.

16. DEFENDANT Officer Lippencott's dog was on a leash.

17. DEFENDANT Officer Lippencott followed as his police dog pursued PLAINTIFF across Interstate 88 to the interstate on the opposite side.

18. DEFENDANT Officer Lippencott followed his trained police dog through a parking lot, to a brick and wood structure enclosing a dumpster.

19. The Officer opened the gate to the dumpster enclosure.

20. Plaintiff was hiding inside the dumpster surrounded by the enclosure.

21. DEFENDANT Officer Lippencott opened the lid to the dumpster and saw PLAINTIFF hiding inside among several large garbage bags.

22. DEFENDANT Officer Lippencott commanded Plaintiff to get out of the dumpster.

23. PLAINTIFF made no attempt to flee further, and made no aggressive moves towards the officer. PLAINTIFF raised his hands and stood up slowly.

24. Officer Lippencott released the leash from the dog, allowing the dog to climb into the dumpster.

25. PLAINTIFF made no attempt to flee, nor to move aggressively towards the officer or towards the dog.

26. After the dog climbed in to the dumpster, Officer Lippencott gave the dog a command.

27. The dog reacted to the command by attacking PLAINTIFF and biting him on the arm.

28. PLAINTIFFøs who was standing with back was to the front of the dumpster with the dog attached to his arm, biting him.

29. DEFENDANT Officer Lippencott grabbed PLAINTIFF from behind and pulled PLAINTIFF over the side of the dumpster, throwing him onto the ground.

30. While PLAINTIFF was falling to the ground, the dog released PLAINTIFF.

31. After Plaintiff was pulled from the dumpster, PLAINTIF lay prone on the pavement, face-down.

32. Defendant Officer had the dog, õreengagedö by biting the defendant on his lower back and buttocks.

33. Defendant OFFICERS Fulkerson, Crackhow, Mumenthal, Velasquez, Thorp, and other unknown officers, witnessed the dog was still biting PLAINTIFF.

34. In fact Plaintiff could hear Officers laughing and encouraging the dog to bite him.

35. When officers approached PLAINTIFF on the ground PLAINTIFF was kicked and punched.

4

36. The kicking and punching constituted an unnecessary and unreasonable use of force, and caused injury to the PLAINTIFF.

37. DEFENDANT Officers' use of force was excessive and unreasonable, and caused injury to PLAINTIFF.

38. PLAINTIFF was later treated for injuries that included a laceration on the head requiring several stitches in addition to the dog bites on his arm and torso. PLAINTIFF suffered nerve damage in his arm, resulting in loss of function and continuing pain.

39. As a result of the attack by the dog, as well as by the officers themselves, PLAINTIFF suffered severe physical injury as well as other damages, including but not limited to pain and suffering and financial loss.

### Count I
### 42 U.S.C. § 1983
### Excessive Use of Force

40. Each of the foregoing paragraphs is incorporated as if restated fully herein.

41. As stated above, the DEFENDANT OFFICERS caused injury to PLAINTIFF through the excessive and unreasonable use of force.

42. At all times relevant to this Complaint, the DEFENDANT OFFICERS were acting within their capacities as Police officers for the CITY OF NAPERVILLE POLICE DEPARTMENT.

43. The actions of DEFENDANT OFFICERS were Intentional, willful, and with malice.

44. The actions of DEFENDANT OFFICERS violated PLAINTIFF RYAN ALTON's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and were in violation of 42 U.S.C. 1983.

45. As a direct and proximate consequence of the above described actions of DEFENANT OFFICERS, the PLAINTIFF, RYAN ALTON, suffered damages including physical injury, emotional anxiety, fear, humiliation, monetary loss, pain and suffering.

## Count II
## 42 U.S.C. § 1983
## Failure to Intervene

46. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

47. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the Defendants had an opportunity to prevent the excessive force and failed to do so.

48. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

## Count III

### Illinois Intentional Infliction of Emotional Distress

49. Each of the foregoing paragraphs is incorporated as if restated fully herein.

50. The above-detailed conduct by the Defendant OFFICERS was extreme and outrageous and exceeded all bounds of human decency.

51. All DEFENDANTS performed the acts detailed above with the intent of inflicting severe emotional distress on PLAINTIFF or with knowledge of the high probability that the conduct would cause such distress.

52. As a direct and proximate result of this conduct, PLAINTIFF did in fact suffer severe emotional distress, resulting in injury.

53. The CITY is sued in this Count pursuant to the doctrine of *respondeat superior*, in that DEFENDANTS performed the actions complained of while on duty and in the employ of Defendant CITY and while acting within the scope of this employment.

**Count IV**
**745 ILCS 10/9-102**
**Indemnification – City of Chicago**

54. PLAINTIFF realleges each of the foregoing paragraphs as if fully set forth herein.

55. Defendant CITY OF NAPERVILLE is the employer of Defendant OFFICERS.

56. DEFENDANTS committed the acts alleged above under color of law and in the scope of their employment as employees of the CITY OF NAPERVILLE.

57. Should Defendant OFFICERS be found liable on one or more of the claims set forth above, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the Defendant CITY OF NAPERVILLE be found liable for any judgment PLAINTIFF obtains against said DEFENDANTS, as well as attorneys' fees and costs awarded.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/ Cristopher Smith                          /s/Pablo deCastro
One of the Attorneys for PLAINTIFF            One of the Attorneys for PLAINTIFF
Christopher Smith Trial Group, LLC            111 W. Washington, Suite 1500
One North LaSalle, Suite 3040                 Chicago, IL 60602
Chicago, IL 60602                             (312) 690-2626
312.432.0400                                  pdecastro@attorneydecastro.com; Email