UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RYAN ALTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 16 cv 6640 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| THE CITY OF NAPERVILLE, and NAPERVILLE POLICE OFFICER, GRIF LIPPENCOTT, and NAPERVILLE POLICE OFFICERS, FULKERSON, CRAKHOW, MUMENTHAL, VELASQUEZ, and THORP, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ryan Alton, filed a four-Count Complaint alleging violation of his constitutional rights under 42 U.S.C. §1983 for the use of excessive force and the failure to intervene as well as state law claims for intentional infliction of emotional distress and indemnification. Defendants, the City of Naperville and Naperville police officers, Lippencott, Fulkerson, Crakhow, Mumenthal, Velasquez, and Thorp (collectively "Naperville"), move to dismiss Alton's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent that his claims are based on the initial engagement with the canine [8]. For the reasons stated below, this Court grants in part and denies in part the motion.

**Background**

The following facts from the Complaint are taken as true for purposes of this motion. On July 10, 2015, the Naperville Police Department received information about a possible burglary or theft in progress at the Car Max in Naperville. Alton concedes that he fled in his car when confronted by police as he was driving in a parking lot adjacent to the Car Max. Alton's car got stuck and he fled on foot. Several police officers pursued him.

1

Officer Lippencott, working with a trained police dog, pursued Alton on foot when the police vehicle got stuck in a marshy area near the expressway. The dog was on a leash and Officer Lippencott and the dog followed Alton across Interstate 88. Alton hid inside a dumpster inside a gated brick and wood enclosure. Officer Lippencott found Alton inside the dumpster and ordered him to get out of the dumpster. Alton alleges that he slowly raised his hands in surrender and began to stand up. Officer Lippencott released the leash and commanded the dog to attack. The dog bit Alton in the arm and continued to bite Alton as Officer Lippencott dragged Alton out of the dumpster. The dog released Alton when Alton was on the ground. Additional officers arrived and kicked and punched Alton in the head and body.

**Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The plaintiff does not need to provide detailed factual allegations, but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion to dismiss, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciota v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Naperville moves to dismiss the Complaint to the extent that Alton relies on the initial engagement with the dog as the basis for his claims. Naperville first argues that under *Johnson v. Scott,* 576 F.3d 658 (7th Cir. 2009), Naperville's use of force in these circumstances was objectively reasonable as a matter of law and this Court should dismiss Counts I, II, and III, to the extent that

they rely on the initial engagement with the dog. Alternatively, Naperville argues that the defendant Officers are entitled to qualified immunity regarding the initial engagement of the dog.

Naperville argues that the allegations in the Complaint are so closely analogous to *Johnson*, that this Court must find that the initial engagement of the dog by Officer Lippencott was objectively reasonable. This Court disagrees. In *Johnson,* the Seventh Circuit affirmed the district court's granting of summary judgment in favor of the police officer finding that the officer's use of force, including his police dog, to subdue the suspect was objectively reasonable. *Id.* at 661. Putting aside for the moment that *Johnson* was decided on summary judgment, the facts in *Johnson* are similar with one crucial difference. In *Johnson*, the police were responding to a report of a shooting. *Id.* at 659. The Seventh Circuit reasoned that "[u]ntil he encountered a fence that was too high for him to jump over, Johnson had used every method at his disposal to flee from the police. The surrender also did not establish that Johnson was unarmed. A reasonable officer could think that the use of the dog was necessary to help control Johnson; otherwise, Johnson might have had the time he needed to retrieve and use a weapon." *Id.* at 660.

The fact that the officer in *Johnson* reasonably believed Johnson to be armed was integral to the court's decision. Here, there is no indication on the basis of the allegations in the Complaint that Officer Lippencott would have reason to believe that Alton was armed. Further, the Seventh Circuit in *Johnson* expressly stated that the court's decision did not mean that "any use of a biting dog is automatically reasonable." *Id.* at 661. This brings the Court back to *Johnson* having been decided on summary judgment and Naperville essentially asking this Court to decide that the use of a dog in this situation is objectively reasonable as a matter of law. This Court declines to do so.

As the Seventh Circuit acknowledges, the question of whether the use of force during an arrest is proper under the Fourth Amendment is a fact intensive inquiry. *See Becker v. Elfreich*, 821 F.3d 920, 925 (7th Cir. 2016). Courts must look to the all the circumstances facing the officer to

3

determine whether the officer's actions were objectively reasonable. Courts rely on several factors to evaluate the use of force, including "[the] severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 660 (quoting *Graham v. Connor,* 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed. 2d 443 (1989)). Since motions to dismiss test the legal sufficiency of the Complaint and not the merits of the claim, this Court denies Naperville's motion to dismiss.

Alternatively, Naperville argues that this Court should find that qualified immunity shields the officers from liability. Qualified immunity shields officers from civil liability stemming from discretionary functions so long as their conduct did not violate a clearly established statutory or constitutional right that a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Naperville asserts that:

> The correct inquiry is whether it was clearly established that police engagement of a canine constitutes excessive force when the engagement of the canine arises when a suspect in a serious crime has recklessly utilized every available means to evade capture, including fleeing in a vehicle until the vehicle becomes inoperable, followed by fleeing on foot across a major interstate highway, and secreting himself underneath garbage within a small, confined and enclosed dumpster space, all during the dark of night, and before police were able to determine whether the suspect was armed.

Dkt. 12, Def.'s Reply at p. 7. If constitutional rights needed to be so narrowly defined to be "clearly established," then police officers would enjoy qualified immunity in nearly every instance.

The right to be free from excessive force by a police officer is, of course, clearly established in the general sense. *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 687 (7th Cir. 2001). "To be clearly established the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Becker,* 821 F.3d at 928 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d

4

523 (1987). It is well established that "'police officers cannot continue to use force once a suspect is subdued.'" *Becker,* 821 F.3d at 928 (quoting *Abbott v. Sangamon Cty., Ill.,* 705 F.3d 706, 732 (7th Cir. 2013)). Further, an officer cannot "use significant force on nonresisting or passively resisting suspects." *Id.* While Naperville again relies on *Johnson* to support its argument, this Court notes that the Seventh Circuit did not find that every instance of the use of a police dog is automatically reasonable. This Court must take the allegations in the Complaint as true for purposes of ruling on the motion to dismiss, including that Alton was not resisting and was complying with Officer Lippencott's order to get out of the dumpster. Further, there are no allegations in the Complaint suggesting Officer Lippencott had reason to suspect that Alton was armed. Under Alton's version of the facts, he was at most passively resisting. Accordingly, at this stage, the Court finds the allegations in the Complaint do not establish the affirmative defense of qualified immunity.

Naperville also argues that Count IV for indemnification is overly broad. To the extent that the allegations under Count IV suggest that plaintiff will seek indemnification for claims other than his state law claim for intentional infliction of emotional distress, those allegations are stricken. Plaintiff is limited by the Illinois Tort Immunity Act, 745 ILCS 10/9-102. Accordingly, Naperville's motion is granted in part on this basis.

**Conclusion**

Based on the foregoing, this Court grants in part and denies in part Naperville's Motion to Dismiss [8].

IT IS SO ORDERED.

Date: November 22, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5